UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAROY CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO. 10-958 |
| LOUISIANA STAT E LICENSING BOARD FOR CONTRACTORS | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion for temporary restraining order. Having considered the record, the memorandum of counsel for the plaintiff and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff, a Louisiana licensed general contractor, has filed this declaratory action suit against the Louisiana State Licensing Board for Contractors ("Board") under 42 U.S.C. § 1983, based on the Board's notice of a hearing set for March 25, 2010.[1] According to the notice, the hearing will concern the plaintiff's alleged violation of La. Rev. Stat. § 37:2158(A). The plaintiff complains that this notice is insufficient because it does not provide "reasons" for the alleged violation contrary to its due process rights.

In this motion, the defendant seeks an order requiring the Board to cancel the

---

[1] A "cease and desist" letter issued by the Board to the plaintiff on or about March 10, 2010, was subsequently withdrawn.

scheduled hearing, "provide notice of each and every reason" relating to any violation, allow for an administrative hearing and refrain from revoking or suspending the plaintiff's license or disbarring the plaintiff until the Board has made a "proper" determination. The plaintiff represents that the defendants have been given notice of this filing for purposes of Fed. R. Civ. 65(b)(2).

Rule 65(b)(1) provides that a temporary restraining can be issued only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Here, assuming that this Court has jurisdiction over this defendant and this action, critical facts relating to irreparable harm are lacking. In addition, jurisdiction over the state board nor the existence of a due process violation has not been established to the Court's satisfaction for purposes of warranting the extraordinary relief sought.

In addition to the requirement of irreparable harm, the court can consider whether the plaintiff has demonstrated a reasonable probability of prevailing on the merits, the balance of harm to the defendant against injury to the plaintiff if the motion is denied, and the "effect of the requested order on the public interest." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11A *Federal Practice & Procedure; Civil 2nd* §2951 (West).

Here, because the opposing party has received notice of this motion, "the procedure that is followed does not differ functionally from that on an application for a

preliminary injunction and the proceeding is not subject to any special requirements." *Id.*

The requirements for a preliminary injunction under Rule 65 are mirrored in those pertaining to a temporary restraining order. A preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008). Again, the Court's reading of the motion indicates that the plaintiff has fallen short of the mark for the extraordinary relief sought.

This Order is directed only to the appropriateness of a temporary restraining order. The Court does not express any opinion as to the appropriateness of any other relief sought by the plaintiff.

Accordingly,

IT IS ORDERED that the plaintiff's motion for temporary restraining order is DENIED.

New Orleans, Louisiana, this 24th day of March, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE